

IN THE

# Court of Appeals of Indiana

Stanley Klos, III,

*Appellant-Respondent*

v.

Kristen L. Gentry Klos,

*Appellee-Petitioner*



FILED

Jul 30 2026, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

July 30, 2026

Court of Appeals Case No.
25A-DC-3010

Appeal from the Marion Superior Court

The Honorable Geoffrey A. Gaither, Judge

Trial Court Cause No.
49D09-1910-DC-45495

---

**Opinion by Chief Judge Tavitas**
Judges Bradford and Felix concur.

**Tavitas, Chief Judge.**

## Case Summary

Stanley Klos, III ("Father") appeals the trial court's order denying his petition to modify custody, denying his petition to modify parenting time, and denying his request for treble damages and attorney fees resulting from the fraudulent conduct of Kristen Gentry Klos ("Mother") in this high conflict dissolution and custody matter. We affirm in part and remand in part.

## Issues

Father raises three issues, which we restate as:

> I. Whether the trial court abused its discretion by denying Father's petition to modify custody.
>
> II. Whether the trial court abused its discretion by denying Father's petition to modify parenting time.
>
> III. Whether the trial court erred by granting Father's petition to modify the marital property disposition but denying his request for treble damages and attorney fees.

## Facts

Father and Mother were married in April 2018, and M.K. ("Child") was born in July 2018. Mother is a licensed attorney. Mother filed a petition for legal separation in October 2019 and converted it to a petition for dissolution of marriage in February 2020. During the proceedings, Father made allegations of

sexual abuse of Child, which the Department of Child Services ("DCS") found were unsubstantiated, and Mother made allegations that Father abused alcohol. In February 2023, the parties entered into a mediated settlement agreement, which the trial court approved on February 22, 2023.

[4] The parties' mediated settlement agreement provided that Mother would have sole legal and primary physical custody of Child. Father would have parenting time pursuant to the Indiana Parenting Time Guidelines with his weekend parenting time continuing until Monday mornings and weekly overnights on Tuesdays. The agreement required Father to provide scheduled alcohol tests through Soberlink during his parenting time. Also, the parties agreed to the appointment of a Parenting Coordinator.

[5] Father, Mother, and Mother's brother were members of 849 N. Rural, LLC, and Father owned 50% of the LLC, with Mother and her brother sharing the remaining 50%. The LLC sold property in December 2022, and the proceeds were placed in escrow with Security Title Services. The terms of the escrow agreement precluded distribution of the funds without the agreement of all members of the LLC. As of January 8, 2023, Father was entitled to $38,795.50 of the escrow funds.

[6] On January 19, 2023, Mother formed a new LLC named "849 Rural, LLC," with Mother and her brother as the sole members of the new LLC. Mother established a bank account for the new LLC and transferred the funds held in escrow from the original LLC into the newly opened account.

[7] Mother did not disclose the transfer of the funds to Father. The parties' marriage was then dissolved in February 2023. In May 2023, Father contacted Security Title Services regarding the escrowed funds and learned that the funds in escrow were no longer there.

[8] In June 2023, Dr. Robin Kohli found that Child exhibited some evidence of hypersexual behavior, which "could suggest that she has been exposed to sexually inappropriate behavior or sexual abuse." Ex. Vol. I p. 167. Dr. Kohli recommended that Child participate in therapy, but Dr. Kohli's recommendations had not been followed.

[9] In August 2023, Father filed a petition to modify parenting time, and a hearing was held in December 2023. On February 11, 2024, the trial court issued its written order and removed the requirement that Father use Soberlink as a condition of his parenting time. The trial court found no evidence that Father endangered Child's physical health or significantly impaired her emotional development such that his parenting time should be restricted. The trial court denied Mother's request that Father complete a substance abuse assessment due to insufficient evidence to support the necessity of such an assessment. Despite the trial court's removal of the Soberlink requirement, however, Mother refused to allow Father's parenting time unless he submitted to a Soberlink test, and Father did so.

[10] In February 2024, Father filed a petition to modify the property disposition and requested an award of treble damages and attorney fees. Father argued that

Mother had a fiduciary duty to disclose the illegal transfer of funds related to 849 N. Rural, LLC, and that Mother committed constructive fraud, intentional fraud, criminal conversion, and theft. Father argued that Mother was liable for damages, attorney fees, and treble damages under both the Indiana Crime Victim's Relief Act ("CVRA"), Indiana Code Section 34-24-3-1, and the Attorney Deceit Statute, Indiana Code Section 33-43-1-8.

[11] In March 2024, Father filed a petition to modify custody and parenting time. Father alleged that: (1) Mother began residing with a convicted felon[1] in March 2023; and (2) Mother had denied Father's parenting time and placed conditions on Father's parenting time. Father requested that the trial court issue an order to modify parenting time and custody. Father requested sole legal custody and primary physical custody, or alternatively joint legal custody and primary physical custody. Additionally, Father requested an order for attorney fees.

[12] In August 2024, Father filed an emergency petition for a temporary custody order and an expedited hearing. Father alleged that Mother had concealed Child's medical records, which according to Father, documented sexual abuse; Mother's boyfriend was living with Mother despite Mother's earlier contrary representations to the trial court; and Child was tardy or absent ninety times during the 2023/2024 school year.

---

[1] Father alleged that the boyfriend had been convicted of possession of a controlled substance and possession of cocaine.

[13] The trial court held evidentiary hearings in February 2025. Father requested findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52. At the hearing, the guardian ad litem ("GAL") testified that "neither of these parties can act like reasonable adults at times, and they do things intentionally to provoke one another, and [Child] gets caught . . . in the crossfire." Tr. Vol. II p. 93. Father and Mother "are so entrenched they battle on [ ] everything, so in the best interest of the child they just can't behave and have joint legal custody[.]" *Id.* at 97. The parties cannot communicate to make decisions in the best interests of Child. The GAL opined that neither parent was "parenting appropriately" and joint legal custody was unworkable. *Id.* at 98. Choosing which parent gets sole legal custody is "like choosing the lesser of two evils." *Id.* at 111.

[14] The GAL did not believe there had been a substantial change in circumstances to warrant a change in custody or that a change in parenting time was warranted. The GAL stated that this case was "one of the most high conflict cases [she had] ever seen" and there is a strong probability that Child will be harmed if the conflict continues. *Id.* at 110.

[15] The trial court entered an order denying Father's petition for modification of custody and parenting time but granting Father's petition to reopen the marital estate. The trial court's findings of fact and conclusions thereon provided in relevant part:

> 29. Mother defrauded Father by converting funds held in the jointly owned LLC in days prior to executing the Final Decree.

30. The Court specifically finds:

\* \* \* \* \*

x.  Mother has refused to provide the funds rightfully owed to Father.

y.  Mother seeks to hide behind the waiver and release of claims clause contained in the Final Decree in a clumsy attempt to justify the theft of Father's portion of proceeds from the sale of the original LLC.

z.  Father lost his $38,795.50 share of the proceeds and incurred attorney fees.

\* \* \* \* \*

## Custody and Parenting Time

1.  The Court **DENIES** Father's request to modify custody of the minor child and parenting time.

2.  Taking all of the testimony in totality, Father has failed to meet his burden to demonstrate a substantial change of circumstances or that modification of custody would be in the child's best interest.

3.  The GAL did not recommend a modification of custody.

## Soberlink

4. The Court **DENIES** Father's request to hold Mother in contempt for requiring Father to take a Soberlink test.

5. The Court **DENIES** Mother's request to reinstate the Soberlink requirement.

* * * * *

**Marital Estate and Property Distribution**

11.  This Court **GRANTS** Father's request to reopen the marital estate.

12.  There is sufficient evidence to set aside a settlement agreement because of constructive fraud.

13.  Mother owed a fiduciary duty to Father as a member of the original LLC.

14.  Mother failed to disclose the transfer of funds from the escrow account into the newly created LLC that Father was not a member.

15.  Mother created the new LLC with a name that is virtually indistinguishable from the original LLC.

16.  Mother intended to deceive Father and prevent him from enjoying his share of the proceeds from the sale of the property.

17.  Mother had knowledge that the escrow agreement required the consent of all members before transfer of the funds.

18. Father lost his share of the proceeds amounting to $38,795.50.

19. Mother received a benefit through her actions by improperly taking control of Father's share of the proceeds.

20. Mother defrauded Father by converting funds held in the jointly owned LLC in days prior to executing the Final Decree.

21. The Court **DECLINES** Father's request to order treble damages pursuant to the Crime Victim's Relief Act.

\* \* \* \* \*

**Attorney Fees**

28. Both Mother and Father are to pay their own attorney's fees.

Appellant's App. Vol. II pp. 49-51. Father filed a motion to correct error, which the trial court denied. Father now appeals.

## Discussion and Decision

[16] Father challenges the trial court's order denying his request for modification of custody, modification of parenting time, and the denial of his request for treble damages and attorney fees due to Mother's fraudulent conduct. The trial court issued findings of fact and conclusions thereon pursuant to Father's request

under Indiana Trial Rule 52(A).[2]  Accordingly, we apply a two-tiered review. *Wysocki v. Johnson*, 18 N.E.3d 600, 603 (Ind. 2014).  We "affirm when the evidence supports the findings, and when the findings support the judgment." *Id.*  We do not "set aside the findings or judgment unless [they are] clearly erroneous," and we must give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." *Id.* (citing Ind. Trial Rule 52(A)).  "Findings of fact are clearly erroneous only when they have no factual support in the record." *Id.*  "[A] judgment is clearly erroneous if it applies the wrong legal standard to properly found facts." *Id.* at 604.  We review the trial court's legal conclusions de novo.  *Gittings v. Deal*, 109 N.E.3d 963, 970 (Ind. 2018).

> Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time.  Trial courts are enabled to assess credibility and character through both factual testimony and intuitive discernment, and, therefore, are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children. . . .
>
> [T]here is a well-established preference in Indiana for granting latitude and deference to our trial judges in family law matters. Appellate courts are in a poor position to look at a cold transcript

---

[2] Further, we note that, effective July 1, 2025, trial courts must include written findings of fact and conclusions of law upon which the custody order is based.  *See* Ind. Code §§ 31-17-2-8.2 (dissolution matters); 31-14-13-7.5 (paternity matters).  This includes both initial custody determinations and modifications.  *Id.*

of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence. . . .

Accordingly, we review a trial court's custody determination for an abuse of discretion.

*Russell v. Russell*, 223 N.E.3d 708, 713 (Ind. Ct. App. 2023) (citations and internal quotation marks omitted).

## I. Custody Modification

First, Father challenges the trial court's denial of his petition to modify custody. The modification of physical and legal custody is governed by Indiana Code Section 31-17-2-21, which provides, in relevant part:

The court may not modify a child custody order unless:

(1) modification is in the best interests of the child; and

(2) there is a substantial change in one (1) or more of the factors that the court may consider under [Indiana Code Section 31-17-2-8] and, if applicable, [Indiana Code Section 31-17-2-8.5].

Indiana Code Section 31-17-2-8 provides that the trial court shall consider all relevant factors, including:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parent or parents;

(B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent . . . .

[18] Father contends that the trial court's findings are inconsistent and demonstrate a substantial change. In particular, Father notes that the trial court found: (1) neither Father nor Mother complied with Dr. Kohli's recommendation that

Child receive therapy[3]; (2) Mother forced Father to use Soberlink despite the trial court's order removing the requirement; and (3) Child has been tardy to school numerous times. Father notes that Mother has sole legal custody and that Father does not have the authority to obtain therapy for Child.

[19] Father is correct that, as sole legal custodian, Mother had the authority to determine Child's upbringing, including her health care. *See* Ind. Code § 31-17-2-17(a). Father, thus, had no authority to comply with Dr. Kohli's recommendation for therapy for Child. Regardless, however, we cannot say that the trial court's denial of Father's petition to modify custody is clearly erroneous.

[20] Father focuses upon several of Mother's misbehaviors, but evidence submitted to the trial court demonstrated that both parents are entrenched in their conflicts, unable to co-parent or communicate effectively, and intentionally provoke each other. The parents are unable to put aside their differences for the best interests of Child.

---

[3] Mother argues that Father is rehashing evidence on matters that occurred prior to the last custody proceeding. *See* Ind. Code § 31-17-2-21(c) ("The court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described by section 8 and, if applicable, section 8.5 of this chapter."). According to Mother, "the most recent custody determination was the February 11, 2024, Order, where the trial court declined to modify custody issues." Appellee's Br. pp. 12-13. Mother contends that Dr. Kohli's June 2023 assessment was evidence submitted prior to the last custody proceeding. The February 2024 order, however, pertained to Father's objections to the Parenting Coordinator's binding recommendations and Father's request to modify parenting time. The February 2024 order did not pertain to a petition to modify custody. Accordingly, it appears that the last custody determination was the parties' February 2023 agreement, which the trial court approved as part of the Dissolution Decree.

[21] The GAL noted that these parents are involved in "one of the most high conflict cases [she had] ever seen." Tr. Vol. II p. 110. The GAL did not believe joint legal custody was possible given the high conflict, and the choice of which parent received sole legal custody was "like choosing the lesser of two evils." *Id.* at 111. Accordingly, the GAL recommended that custody remain the same.

[22] The trial court found: "Taking all of the testimony in totality, Father has failed to meet his burden to demonstrate a substantial change of circumstances or that modification of custody would be in the child's best interest." Appellant's App. Vol. II p. 50. The trial court's findings reflect that the trial court considered the relevant statutory factors. The trial court, having weighed the evidence and judged the witnesses' credibility, concluded that no substantial change of circumstances occurred and that modification would not be in Child's best interest.

[23] On appeal, we will not reweigh the evidence or judge the witnesses' credibility. Although the trial court's findings and conclusions thereon could have been clearer, given our review of the record, we cannot say the trial court's denial of Father's petition for modification of custody is clearly erroneous or an abuse of discretion.

## II. Parenting Time Modification

[24] Next, Father challenges the trial court's denial of his petition to modify parenting time. Indiana Code Section 31-17-4-2 governs the modification of parenting time and provides: "The court may modify an order granting or

denying parenting time rights whenever modification would serve the best interests of the child."

[25] The trial court's order merely denied Father's request for a modification of parenting time without further explanation. Father contends that the trial court's order does not reflect that the trial court considered all relevant factors and fails to comply with Trial Rule 52. In general, when a party requests findings per Indiana Trial Rule 52, the trial court is "required by law to make findings on all the issues of the case." *Blackwell v. Superior Safe Rooms LLC*, 174 N.E.3d 1082, 1095 (Ind. Ct. App. 2021), *trans. denied*. Further, Indiana Trial Rule 52(D) provides: "The court's failure to find upon a material issue upon which a finding of fact is required by this subdivision or this rule shall not be resolved by any presumption and may be challenged under subdivision (B) of this rule[.]"

[26] The trial court's order does not reflect that it considered whether a modification of parenting time is in Child's best interest. Accordingly, we must remand on this issue for the trial court to issue findings and conclusions thereon pursuant to Indiana Trial Rule 52.

### III. Treble Damages and Attorney Fees

[27] Finally, Father challenges the trial court's denial of his request for treble damages and attorney fees related to Mother's conduct concerning the escrow funds for 849 N. Rural, LLC, during the dissolution proceedings. Father argued that Mother committed constructive fraud, intentional fraud, criminal

conversion, and theft. Father requested that the trial court "modify its Decree and set aside the Marital Settlement Agreement as to the assets transferred from 849 N. Rural, LLC . . . ." Appellant's App. Vol. II p. 86. Father requested an award of actual damages, treble damages, and attorney fees under the CVRA and the Attorney Deceit Statute.

[28] The trial court specifically found that Mother "defrauded Father by converting funds," committed "the theft of Father's portion of proceeds," and "intended to deceive Father." Appellant's App. Vol. II pp. 49-50. The trial court, however, specifically declined to award Father treble damages pursuant to the CVRA or to award attorney fees. On appeal, Father contends that the trial court erred by failing to award treble damages and attorney fees.

[29] The CVRA provides, in part: "If a person . . . suffers a pecuniary loss as a result of a violation of IC 35-43 [, which includes theft and fraud,] the person may bring a civil action against the person who caused the loss" including "[a]n amount not to exceed three (3) times . . . the actual damages of the person suffering the loss" and "[a] reasonable attorney's fee." Ind. Code § 34-24-3-1. Our Supreme Court has held that, "[e]ven when a court awards compensatory damages under the CVRA," the award of treble damages is discretionary. *Wysocki*, 18 N.E.3d at 605; *see also Browning v. Walters*, 616 N.E.2d 1040, 1045 (Ind. Ct. App. 1993), *adhered to on reh'g*, 620 N.E.2d 28 (Ind. Ct. App. 1993). The award of costs and attorney fees, however, is "mandatory." *Wysocki*, 18 N.E.3d at 605.

[30] The trial court's order did not address the Attorney Deceit Statute. The statute, however, provides:

> (a) An attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding commits a Class B misdemeanor.

> (b) A person who is injured by a violation of subsection (a) may bring a civil action for treble damages.

Ind. Code § 33-43-1-8. The statute does not authorize an award of attorney fees. Further, the statute does not impose a mandatory award of treble damages. As with the CVRA, the award of treble damages is discretionary.

[31] Regardless, however, we find our Supreme Court's opinion in *Wysocki* to be persuasive here. In *Wysocki*, the plaintiffs filed an "open-ended complaint [that] encompassed multiple alternative theories of liability"; "[t]he relevant count of their complaint was simply captioned 'Fraud'; they pleaded all the elements of common-law fraudulent misrepresentation; and their prayer for relief was expressly 'not . . . limited to' the CVRA." *Wysocki*, 18 N.E.3d at 605. The trial court found for the plaintiffs and "premised its judgment on common-law fraud." *Id.* at 604. The trial court, however, "expressly refused to award any additional damages under the CVRA." *Id.*

[32] Our Supreme Court affirmed the trial court's decision and noted that, "when a plaintiff pleads several alternative grounds for relief, the trial court has similar discretion not to impose CVRA liability *at all,* even when it awards

compensatory damages under a different theory." *Id.* at 601.  The Court held that the trial court was "well within its discretion to impose common-law liability for fraud as an intentional tort, while declining to impose quasi-criminal CVRA liability."  *Id.* at 604-05.

[33]  Similarly, here, Father pled multiple theories in his complaint, including common law fraud.  The trial court awarded Father damages due to Mother's conduct but expressly declined to award treble damages or attorney fees.  As in *Wysocki*, the trial court here was confronted with multiple theories of liability, found Mother liable, but declined to impose quasi-criminal liability under the CVRA.  While we might have reached a different result based upon Mother's conduct, as in *Wysocki*, we cannot say that the trial court's decision was an abuse of discretion.

## Conclusion

[34]  We affirm the trial court's denial of Father's petition to modify custody and the trial court's denial of treble damages and attorney fees under the CVRA.  We, however, remand for the trial court to enter findings of fact and conclusions thereon on Father's request for a modification of parenting time.

[35]  Affirmed in part and remanded in part.

Bradford, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Brian R. DeHem
DeHem Law, LLC
Noblesville, Indiana


ATTORNEY FOR APPELLEE

Matthew R. Strzynski
Mercho Strzynski
Indianapolis, Indiana